IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, ILLINOIS LABORERS' & CONTRACTORS JOINT APPRENTICESHIP TRAINING FUND, ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS INDUSTRY ADVANCEMENT FUND, MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, CENTRAL ILLINOIS LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST,  SOUTHERN AND CENTRAL ILLINOIS LABORERS VACATION FUND, CIB & AGC OF ILLINOIS SUBSTANCE ABUSE TESTING FUND, LABORERS' LOCAL #703 LEGAL SERVICES FUND, and LABORERS' LOCALS 159, 477, and 703, <br><br>Plaintiffs, <br><br>v. <br><br>MIDWEST CONCRETE, INC., CONNIE L. FLANNIGAN, and RICKY FLANNIGAN, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  No.   25-2075 ) ) ) ) ) ) |

## COMPLAINT

NOW COME the plaintiffs, CENTRAL LABORERS' PENSION FUND *et al.*, by and through their attorneys, CAVANAGH & O'HARA LLP, complaining of the defendants, MIDWEST CONCRETE, INC, CONNIE L. FLANNIGAN, and RICKY FLANNIGAN, and allege as follows:

## Introduction

1.    This is a civil action brought under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA"), to collect delinquent contributions, liquidated damages and other amounts the defendant is obligated to pay to the plaintiffs under the terms of applicable collective bargaining agreements, the plaintiffs' respective trust agreements, and applicable provisions of ERISA and the LMRA.

## Jurisdiction

2.    This court has jurisdiction over this case pursuant to Section 502(e)(1) of ERISA because federal district courts have exclusive jurisdiction under ERISA over civil actions cases like the present action (*see* 29 U.S.C. §1132(e)(1)).

3.    This Court also has jurisdiction of this case pursuant to Section 301(a) of the LMRA, which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties (s*ee* 29 U.S.C. §185(a)).

4.    To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

## Venue

5.    Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the employee benefit plan is administered (*see* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

6.    Venue for civil cases like the present case is proper in any federal district court

having jurisdiction of the parties (*see* §301(a) of LMRA, 29 U.S.C. §185(a)).

7. Venue is proper in this court because the principal office of defendant Midwest Concrete, Inc. was located in Macon County, Illinois, which is located within the venue of the District Court for the Central District of Illinois, Urbana Division.

8. Venue is also proper in this court because defendants Connie J. Flannigan and Ricky Flannigan reside in Macon County, Illinois, which is located within the venue of the District Court for the Central District of Illinois, Urbana Division.

**Parties**

9. Plaintiff Central Laborers' Pension Fund (the "Pension Fund") provides retirement and other benefits to the employees of participating employers who pay fringe benefit contributions to the Pension Fund on behalf of their employees.

10. Plaintiff Central Laborers' Welfare Fund (the "Welfare Fund") provides welfare and other benefits to the employees of participating employers who pay fringe benefit contributions to the Welfare Fund on behalf of their employees.

11. Plaintiff Central Laborers' Annuity Fund (the "Annuity Fund") provides retirement and other benefits to the employees of participating employers who pay fringe benefit contributions to the Annuity Fund on behalf of their employees.

12. Plaintiff Illinois Laborers' & Contractors Joint Apprenticeship Training Fund (the "Training Fund") provides training and other benefits to the employees of participating employers who pay fringe benefit contributions to the Training Fund on behalf of their employees.

13. Plaintiffs Associated General Contractors of Illinois Industry Advancement Fund, Midwest Region Foundation For Fair Contracting, Central Illinois Builders Industry Advancement Fund, Central Illinois Laborers-Employers Cooperation and Education Trust, Southern and Central

Illinois Laborers Vacation Fund, CIB and AGC of Illinois Substance Abuse Testing Fund, and Laborers' Local #703 Legal Services Fund are either multi-employer plans, labor-management committees, and/or plans established pursuant to collective bargaining agreements between Laborers' International Union of North America ("Union") and certain employer associations whose employees are covered by the collective bargaining agreements with the Union.

14. Plaintiffs Laborers' Locals 159, 477 and 703 are labor organizations associated with the Laborers' International Union of North America (the "Local Union").

15. Defendant, Midwest Concrete, Inc. is a former Illinois corporation registered to do business in Illinois, with a principal office located at 8165 Lehman Rd, Decatur, Illinois, that was dissolved on January 13, 2023. Defendants Connie J. Flannigan and Ricky Flannigan are officers, directors and/or owners of Midwest Concrete, Inc.

### Factual Allegations

16. The Pension Fund receives contributions from numerous employers, and therefore, is a multiemployer plan. (*See* 29 U.S.C. §1002).

17. The Pension Fund is administered pursuant to the terms and provisions of an agreement and declaration of trust, as amended and restated.

18. A copy of pertinent provisions of the trust agreement for the Pension Fund is attached hereto as Exhibit "A" and fully incorporated herein and made a part hereof by this reference.

19. Copies of pertinent provisions of the trust agreements for certain other named plaintiffs are attached hereto as Exhibit "B" and fully incorporated herein and made a part hereof by this reference.

20. The Pension Fund is a point of receipt for contributions and related amounts owed

to the other plaintiffs under applicable collective bargaining agreements, including dues owed to Laborers' Local 477, and is authorized to act on behalf of the other named plaintiffs to collect employer contributions and other amounts owed to the plaintiffs.

21.     At all relevant times, Midwest Concrete, Inc. ("Midwest Concrete") is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

22.     At all relevant times, Midwest Concrete was a party to or otherwise bound by participation agreements, memorandums of agreement, and one or more collective bargaining agreements, including all subsequently negotiated agreements (collectively, but not exclusively, the "collective bargaining agreements").

23.     Copies of relevant portions of certain applicable collective bargaining agreements are attached hereto as Exhibit "C" and fully incorporated herein and made a part hereof by this reference.

24.     At all relevant times, Midwest Concrete employed individuals who were members of, and represented by, the Local Union.

25.     At all relevant times, Midwest Concrete employed individuals who performed work covered by the collective bargaining agreements ("covered work").

26.     At all relevant times, Midwest Concrete employed individuals who are participants in the employee benefit plans administered by the Pension Fund and other named plaintiffs pursuant to the collective bargaining agreements.

27.     At all relevant times, Midwest Concrete was required under the collective bargaining agreements and trust agreements to pay contributions to plaintiffs for hours of covered work performed by its employees each month.

28. At all relevant times, Midwest Concrete was required under the collective bargaining agreements to pay working dues to plaintiffs for hours of covered work performed and wages earned by its employees each month.

29. At all relevant times, Midwest Concrete was required under the collective bargaining agreements to prepare and submit completed contribution reporting forms to the plaintiffs, on a monthly basis, which provide the information needed in order to accurately assess the contributions and other amounts due and payable by defendant to the plaintiffs ("monthly reports").

30. At all relevant times, Midwest Concrete was required under the collective bargaining agreements and applicable trust agreements to prepare and submit completed monthly reports, along with the appropriate payments, to the plaintiffs on or before the 15th day of the calendar month following the month in which the contributions and other amounts accrued.

31. If the plaintiffs do not receive the monthly reports with the appropriate payments by the 15th day of each month, then Midwest Concrete is delinquent in reporting information and paying contributions to the plaintiffs.

## COUNT I
### Delinquent Contributions / Audit Liability

**(Midwest Concrete)**

1-31. Paragraphs 1 through 31 are re-asserted and re-alleged as and for paragraphs 1 through 31 of count I as if fully set forth herein.

32. Midwest Concrete is required under the Participation Agreement and Trust Agreements to permit the plaintiffs and their agents to conduct audits of payroll and related records in order to determine if contributions and other amounts have been properly paid pursuant to the

collective bargaining agreements and trust agreements.

33. Plaintiffs engaged a certified public accounting firm to examine the payroll books and records of Midwest Concrete (the "accounting") for the period of March 1, 2017 through December 31, 2021 (the "accounting period"), to determine whether defendant complied with its obligations to pay the contributions and other amounts to the plaintiffs over the accounting period as required under the Collective Bargaining Agreements, Participation Agreement and Trust Agreements.

34. A copy of the accounting is attached hereto and fully incorporated herein as Exhibit "D".

35. The accounting determined that Midwest Concrete employed and paid individuals who are members of the Local Union and participants in the employee benefit plans administered by the Pension Fund, Welfare Fund, Annuity Fund, Training Fund and other applicable named plaintiffs.

36. The accounting discovered that Midwest Concrete failed to report all of the hours worked by its employees and pay contributions and other amounts to the plaintiffs during the accounting period.

37. Based upon the accounting, Midwest Concrete owes plaintiffs certain contributions of $91,330.19 and dues of $4,938.44 for the unreported hours of work performed and wages earned by its employees over the time period of March 1, 2017 through December 31, 2021.

38. Midwest Concrete breached the provisions of the plaintiffs' trust agreements and the collective bargaining agreements by failing to pay the contributions and dues that were owed to the plaintiffs for the unreported hours of work performed and wages earned by its employees over the time period of March 1, 2017 through December 31, 2021.

39. Pursuant to applicable provisions of ERISA, and the collective bargaining agreements and trust agreements, Midwest Concrete owes liquidated damages equal to 10% of the delinquent contributions and dues or twenty-five dollars, whichever is greater.

40. Midwest Concrete owes plaintiffs liquidated damages of $9,626.86 for the delinquent contributions and dues found due in the audit.

41. Pursuant to the collective bargaining agreements and trust agreements, Midwest Concrete owes plaintiffs the cost of $2,847.90 that plaintiffs incurred in performing the payroll audit.

42. Plaintiffs have demanded that Midwest Concrete pay plaintiffs the contributions and other amounts owed, but Midwest Concrete has refused or otherwise failed to pay plaintiffs the contributions and other amounts owed.

43. Pursuant to the terms of the plaintiffs' trust agreements, Midwest Concrete is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the plaintiffs in the collection of delinquent contributions.

WHEREFORE, plaintiffs pray as follows:

A. That judgment is entered in favor of plaintiffs, CENTRAL LABORERS' PENSION FUND *et al.*, and against defendant, Midwest Concrete, Inc., in the sum of $108,743.39, plus any and all other amounts determined to be owed to plaintiffs at the time judgment is entered.

B. That Midwest Concrete, Inc. is decreed to pay to the plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

C. That Midwest Concrete, Inc. is decreed to pay all costs attendant to these proceedings; and

D. That the plaintiffs are awarded, at Midwest Concrete, Inc.'s cost, such further and

other relief as may be available under ERISA, the trust agreements, the collective bargaining agreements, or as is otherwise just and equitable.

## COUNT II
### Delinquent Contributions / Audit Liability

**(Connie J. Flannigan and Ricky Flannigan)**

1-43.   Paragraphs 1 through 43 of Count I are re-asserted and re-alleged as and for paragraphs 1 through 43 of count II as if fully set forth herein.

44.   Connie L. Flannigan was an officer and director of Midwest Concrete.

45.   Ricky Flannigan was a director of Midwest Concrete who was in charge of the day to day operations of the company.

46.   Under the trust agreement for the plaintiff Central Laborers' Pension Fund, where an audit discloses a difference between hours actually worked by an employee and hours reported to the plaintiff by his employer and where such audit or an investigation discloses any willful violation of any of the requirements of the trust agreement or rules and regulations adopted in connection herewith, the owners, officers, directors, or members of such employer, if a corporation or other incorporated business entity, who supervised the completion of report forms, signed report forms or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment of contributions or other pecuniary or financial loss to the plaintiff as a result of such conduct.

47.   Upon information and belief, Connie L. Flannigan and Ricky Flannigan supervised the completion of the report forms for Midwest Concrete and/or had personal knowledge of the report forms, reporting obligations of Midwest Concrete, and hours worked by Midwest Concrete's employees and contributions owed to the plaintiffs, and willfully failed to report all

hours worked by such employees and pay all contributions owed to the plaintiffs for the hours of work by Midwest Concrete's employees.

48. As a direct and proximate result of the willful conduct of failing to report all hours worked by such employees and pay all contributions owed to the plaintiffs for the hours of work by Midwest Concrete's employees, the plaintiffs have suffered pecuniary or financial loss equal to the delinquent contributions that were not paid as discovered by the accounting, and the costs of the accounting, the liquidated damages assessed based upon the delinquent contributions, and the attorneys' fees and costs incurred in attempting to collect these amounts.

WHEREFORE, plaintiffs pray as follows:

A. That judgment is entered in favor of plaintiffs, CENTRAL LABORERS' PENSION FUND *et al*., and against defendants, Connie L. Flannigan and Ricky Flannigan, in the sum of $108,743.39, plus any and all other amounts determined to be owed to plaintiffs at the time judgment is entered.

B. That Connie L. Flannigan and Ricky Flannigan is decreed to pay to the plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

C. That Connie L. Flannigan and Ricky Flannigan is decreed to pay all costs attendant to these proceedings; and

D. That the plaintiffs are awarded, at the cost of Connie L. Flannigan and Ricky Flannigan, such further and other relief as may be available under ERISA, the trust agreements, the collective bargaining agreements, or as is otherwise just and equitable.

### COUNT III
### Liquidated Damages

1-43. Paragraphs 1 through 43 of Count I are re-asserted and re-alleged as and for

paragraphs 1 through 43 of count III as if fully set forth herein.

44. Midwest Concrete failed to timely report hours and pay contributions and dues owed to plaintiffs for certain months during the period of September 2018 through October of 2021.

45. Midwest Concrete breached the provisions of the collective bargaining agreements and trust agreements by failing to pay contributions and dues that were owed to the plaintiffs.

46. Pursuant to applicable provisions of the collective bargaining agreements and trust agreements, Midwest Concrete owes liquidated damages on delinquent contributions equal to 10% of the delinquent contributions or twenty-five dollars, whichever is greater.

47. Based upon information currently known, Midwest Concrete has a balance due, after all just credits, for liquidated damages in the known sum of $78,083.81.

48. Plaintiffs have demanded that Midwest Concrete pay plaintiffs the liquidated damages owed, but Midwest Concrete has refused or otherwise failed to pay plaintiffs the contributions and other amounts owed.

49. Pursuant to the terms of the plaintiffs' trust agreements, Midwest Concrete is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the plaintiffs in the collection of liquidated damages.

WHEREFORE, plaintiffs pray as follows:

A. That judgment is entered in favor of plaintiffs, CENTRAL LABORERS' PENSION FUND *et al*., and against defendant, Midwest Concrete, Inc., in the sum of $78,083.81;

B. That Midwest Concrete, Inc. is decreed to pay to the plaintiffs their reasonable attorneys' fees and costs;

C. That Midwest Concrete, Inc. is decreed to pay all costs attendant to these

proceedings; and

      D.     That the plaintiffs are awarded, at Midwest Concrete, Inc.'s cost, such further and other relief as may be available under ERISA, the trust agreements, the collective bargaining agreements, or as is otherwise just and equitable.

                                        CENTRAL LABORERS' PENSION FUND *et al.*
                                        Plaintiffs,

                                 By:    s/ John P. Leahy
                                          JOHN P. LEAHY
                                          CAVANAGH & O'HARA LLP
                                          Attorneys for Plaintiffs
                                          2319 W. Jefferson Street
                                          Springfield, IL 62702
                                          (217) 544-1771 – Telephone
                                          johnleahy@cavanagh-ohara.com